S92A1016. In re ESTATE OF MARY SHEEHAN.
(422 SE2d 853)

FLETCHER, Justice.

We granted this discretionary application to determine whether this case should be remanded to the probate court to hear applicant Arthur Walsh's claim that he is an heir of Mary Sheehan. The administrator of Sheehan's estate filed a petition to determine her heirs in 1984, giving notice by publication. In 1988, the administrator filed a report seeking to establish that ten cousins were the heirs. Although several claimants intervened, Walsh did not. Following an evidentiary hearing in December 1989, the probate court determined that the ten cousins were entitled to the $80,000 estate. More than four months after the trial court's order, Walsh moved to set it aside and sought a new trial based on his lack of notice of the hearing. The probate court denied the motion, the Court of Appeals denied his application, and this court granted certiorari. Because Walsh was never a known party at interest entitled to notice, we affirm.

OCGA § 53-4-35 provides for notice by publication when a petition to determine heirs discloses that unknown heirs or parties at interest may exist. Failure of unknown persons at interest "to appear shall authorize the finding that there are no unknown heirs." Id. (c). Any person who claims to be an heir at law and who is not named in the petition may intervene to allege facts showing the basis of his or her claim. OCGA § 53-4-36. After intervention, the claimant is a party

who is entitled to notice of all hearings. See OCGA § 53-4-34.

Walsh does not contest his service by publication in 1984, and he alleges no fraud. He complains only that he was a known person who should have received actual notice of the final hearing in 1989. Unlike other claimants, Walsh did not intervene after he learned that the estate was seeking unknown heirs and that a hearing was set for December 1989. Walsh's failure to intervene and assert his claim means that he was not a party at interest who was entitled to actual notice. Having delayed his intervention until months after the trial court determined Sheehan's heirs at law and found no unknown heirs, Walsh is not now entitled to a hearing on his claim that he is an heir.

*Judgment affirmed. Clarke, C. J., Bell, P. J., Hunt, Benham and Sears-Collins, JJ., concur.*

DECIDED NOVEMBER 23, 1992.

*Oldfield & Wilson, Carmel W. Sanders,* for appellant.
*Bouhan, Williams & Levy, Melanie L. Marks, Hunter, MacLean, Exley & Dunn, R. Jason D'Cruz,* for appellee.